IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL THOMAS. #153305, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CV-95-WKW |
| | ) | |
| KYLER WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Michael Thomas ("Thomas"), an indigent inmate,

challenges the constitutionality of the force used by deputies of the Lee County, Alabama

Sheriff's Department to effectuate his arrest on September 4, 2015.  Thomas seeks compensatory

and punitive damages for the alleged violation of his constitutional rights.

Upon review of the complaint, the court concludes that the Lee County Sheriff's

Department is due to be summarily dismissed from this case pursuant to the provisions of 28

U.S.C. § 1915(e)(2)(B)(i).[1]

### II.  DISCUSSION

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity

that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The

---

[1] The court granted Thomas leave to proceed *in forma pauperis* in this case. Doc. 3.  The complaint is therefore subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B), which require that the court dismiss a prisoner's claim prior to service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. (internal citation and quotation omitted); *see also* Fed. R. Civ. Pro. 17(b) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."). As is relevant here, both federal and state law are well settled that a county sheriff's department is not a legal entity subject to suit or liability. *Dean*, 951 F.2d at 1215; *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit. Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department."); *King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993) ("The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it."). In light of the foregoing, the plaintiff's claim against the Lee County Sheriff's Department is subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The plaintiff's claim against the Lee County Sheriff Department be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.      This case, with respect to the claims lodged against the remaining defendants, be referred back to the undersigned for additional proceedings.

It is further ORDERED that on or before March 1, 2016 the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. §

636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

 DONE this 16th day of February, 2016.


        /s/  Gray M. Borden
        UNITED STATES MAGISTRATE JUDGE